Lopez-Perez v. Garland

BIA
Parchert, IJ
A093 334 665

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-three.

PRESENT:
   DEBRA ANN LIVINGSTON,
      *Chief Judge,*
   BETH ROBINSON,
   ALISON J. NATHAN,
      *Circuit Judges.*
_____

MANUEL ORLANDO LOPEZ-PEREZ,
   *Petitioner,*

   v.                                                          **20-2271**
                                                               **NAC**
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
   *Respondent.*
_____

**FOR PETITIONER:**     Manuel Orlando Lopez-Perez, Pro Se, Totowa, NJ.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Justin Markel, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Orlando Lopez-Perez, a native and citizen of Guatemala, seeks review of a June 19, 2020, decision of the BIA affirming a May 14, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manuel Orlando Lopez-Perez*, No. A 093 334 665 (B.I.A. June 19, 2020), *aff'g* No. A 093 334 665 (Immig. Ct. N.Y. City May 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

**I.     Due Process Violations**

We do not consider Lopez-Perez's ineffective assistance of counsel claim because he did not sufficiently raise it before the BIA. *See Arango-Aradondo v. INS*,

2

13 F.3d 610, 614 (2d Cir. 1994) (holding that a petitioner must raise an ineffective assistance claim before the BIA in the first instance). His assertion before the BIA that he was "willing to file a claim for ineffective assistance of counsel if necessary" was insufficient to raise a claim for ineffective assistance of counsel. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005); *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46–47 (2d Cir. 2005). Moreover, contrary to Lopez-Perez's position, the alleged ineffective assistance is not clear on the face of the record.

We reject Lopez-Perez's argument that the IJ violated his due process rights by failing to develop a full record at the hearing. Although the IJ has an obligation to help develop the record, the burden of proof is on the applicant. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (placing burden of proof on asylum applicant), 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses."); *Qun Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir. 2002). To establish a due process violation, the noncitizen must show that the noncitizen was denied the opportunity to be heard "in a meaningful manner," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), and that the "alleged shortcomings have prejudiced the outcome" of the case, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Lopez-Perez has not met either prong of this test because the record reflects that the IJ questioned

3

him throughout the hearing and he has not alleged what specific additional information he could have provided if questioned further.

## II.     Asylum, Withholding of Removal, and CAT Relief

To qualify for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), 1101(a)(42).  An applicant who does not establish past persecution, has the burden to demonstrate an "objectively reasonable" fear of future persecution.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Lopez-Perez did not establish past persecution because he did not testify that he personally suffered any past harm.  "As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member . . . . The statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."  *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (cleaned up).

4

Although his argument is not entirely clear, Lopez-Perez appears to assert that the harm his family members suffered caused him emotional and psychological harm that, because of his age at the time, constituted past persecution or is relevant to his present objectively reasonable fear of future persecution. There may be circumstances where harm to a family member is sufficient to constitute past persecution of the applicant, but the applicant would have to have been in the "zone of risk" at the time of the harm and suffered continuing consequences. *See Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006) (remanding for consideration of fact that applicant was seven when his family and neighbors were massacred by the Guatemalan army, applicant saw the body of a family member, applicant's family lost their home and land and struggled to survive after relocating); *see also Tao Jiang*, 500 F.3d at 141–42. In contrast to the massacre, relocation, and financial struggle in *Jorge-Tzoc*, Lopez-Perez's father was shot, but survived, Lopez-Perez did not allege that he witnessed the shooting or threats made against his brother a few years later, and, as to continuing consequences, he states only that his parents would not let him go out alone and that he came to the United States because he was tired of living in fear.

Lopez-Perez does not otherwise articulate a meaningful challenge to the agency's determinations that his fear of future persecution and torture was too

5

speculative; he simply asserts that the incidents he described gave rise to emotional and psychological suffering and thus give rise to a well-founded fear of persecution. Nor does he challenge the BIA's findings that he had failed to substantively address the IJ's conclusion that his fear of future harm was too speculative and that he did not show a state actor. Finally, he did not appeal the IJ's denial of CAT protection and accordingly we do not reach it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6